**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4412**

———————

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

      v.

JEROME GREEN, a/k/a JR,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:13-cr-00042-MOC-3)

———————

Submitted: February 27, 2015      Decided: April 22, 2015

———————

Before WYNN and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Steven Meier, MEIER LAW, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerome Green appeals his conviction and 57-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, Green's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court erred in imposing a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B). Green's supplemental pro se brief similarly challenges the imposition of the U.S.S.G. § 2K2.1(b)(6)(B) enhancement. The Government has declined to file a response brief. Following our careful review of the record, we affirm.

In reviewing Sentencing Guidelines calculations, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Cox, 744 F.3d 305, 308 (4th Cir. 2014). Clear error occurs only when, "on the entire evidence," we are "left with the definite and firm conviction that a mistake has been committed." Id. (internal quotation marks omitted). The Government bears the burden of proving by a preponderance of the evidence that the court should apply a Guidelines enhancement. United States v. Blauvelt, 638 F.3d 281, 293 (4th Cir. 2011).

The Guidelines provide for a four-level upward adjustment if the defendant "used or possessed any firearm or ammunition in connection with another felony offense," U.S.S.G. § 2K2.1(b)(6)(B). The enhancement applies where "the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." U.S.S.G. § 2K2.1 cmt. n.14(A). The purpose of a U.S.S.G. § 2K2.1(b)(6) enhancement is "to punish more severely a defendant who commits a separate felony offense that is rendered more dangerous by the presence of a firearm." United States v. Jenkins, 566 F.3d 160, 164 (4th Cir. 2009) (internal quotation marks omitted).

The requirement that a firearm be possessed "in connection with" another felony "is satisfied if the firearm had some purpose or effect with respect to the other offense, including if the firearm was present for protection or to embolden the actor." United States v. McKenzie-Gude, 671 F.3d 452, 463-64 (4th Cir. 2011) (internal quotation marks omitted). This requirement is not satisfied, however, where "the firearm was present due to mere accident or coincidence." Jenkins, 566 F.3d at 163 (internal quotation marks omitted). The Guidelines specifically provide that the enhancement should be applied "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." U.S.S.G. § 2K2.1 cmt. n.14(B).

3

Here, the district court found that Green possessed the firearm in connection with the offense of possession with intent to distribute marijuana. Green and his codefendants were apprehended in a vehicle containing a backpack with 150.8 grams of marijuana, both loose and packaged into smaller units consistent with the intent to sell. Although it was on the driver-side floorboard, the backpack was in close proximity to Green, the front passenger. Two sets of digital scales and a large amount of cash in small denominations were located in the center console, accessible to all three occupants. All three occupants had firearms concealed within the car, positioned so as to be easily available. These facts are consistent with a finding that the occupants of the vehicle jointly possessed the marijuana with intent to distribute and used the firearms in connection with that trafficking offense. See United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002) (describing factors to consider in determining whether a firearm furthered or advanced drug trafficking); United States v. Burgos, 94 F.3d 849, 873 (4th Cir. 1996) (en banc) (describing possession in drug trafficking context).

While Green asserts that the evidence was insufficient to support a finding that he knew the marijuana was in the vehicle, the record contains sufficient circumstantial evidence to support the district court's finding. Because the court's

4

finding was not clearly erroneous, we find no error in the court's imposition of the enhancement.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Green's conviction and sentence. This court requires that counsel inform Green, in writing, of the right to petition the Supreme Court of the United States for further review. If Green requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Green.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5